**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> Sechel Holdings, Inc. d/b/a Ergogenix, a Delaware corporation; SciLabs Nutraceuticals, Inc., a California corporation <br><br> Defendant. | No. 11-CV-1256-PHX-PGR <br><br><br> **ORDER** |

Before the Court is Plaintiff's Motion for Default Judgment and Rule 55(b)(2) Request for the Court to Set Hearing to Determine Amount of Judgment and Enter Default Judgment. (Doc. 9.)

Plaintiff commenced this action on June 24, 2011, with a complaint alleging patent infringement, inducement of patent infringement, and contributory patent infringement, pursuant to 35 U.S.C. § 271(a)–(c).[1] (Doc. 1.) Plaintiff seeks relief including a preliminary and permanent injunction prohibiting infringement of its patent and unspecified monetary damages, costs, and attorneys fees under 35 U.S.C. §§ 284, 285. (*Id.*)

---

[1] Plaintiff is an Arizona company that manufactures and sells nutritional supplements. Plaintiff claims that "Ergogenix and SciLabs are openly violating ThermoLife's U.S. Patent No. 7,777,074, which protects and covers amino acid compounds including creatine nitrate." (Doc. 1 at 2.) Plaintiff alleges that Defendants have violated its patent by manufacturing and selling products containing creatine nitrate compositions. (*Id.*)

1    Defendant SciLabs Nutraceuticals was served on July 29, 2011. It did not respond to
2 the complaint. On July 25, Plaintiff filed a Rule 55(a) Request for the Clerk to Enter Default
3 Judgment against SciLabs, 35 U.S.C. § 271. (Doc. 8.) The Clerk of Court entered default on
4 July 26, 2011. (Doc. 10.) SciLabs has not responded to Plaintiff's motion for default
5 judgment.

6    Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a
7 judgment for affirmative relief is sought has failed to plead or otherwise defend as provided
8 by these rules . . . the clerk shall enter the party's default." After a default has been entered
9 and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court
10 may, on the plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

11    Granting default judgment is within the Court's sound discretion. *See Albade v.*
12 *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the Court may
13 consider such factors as the possibility of prejudice to the plaintiff, the merits of the
14 substantive claim, the sufficiency of the complaint, the sum of money at stake, the possibility
15 of a dispute concerning material facts, whether the default was due to excusable neglect, and
16 the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72
17 (9th Cir. 1986).

18    In considering these factors, all factual allegations in the plaintiff's complaint are
19 taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d
20 915, 917–18 (9th Cir. 1987). A plaintiff is required to prove all damages sought in the
21 complaint.

22    Rule 55(b)(2) further provides that a court may conduct a hearing when necessary to
23 determine the amount of damages, establish the truth of any allegation by evidence, or
24 investigate any other matter. The Court concludes that such a hearing is appropriate here.

25    To assist the Court in conducting the hearing and establishing the correct amount of
26 damages and appropriate injunctive relief to which Plaintiff may be entitled, the Court will
27 require Plaintiffs' counsel to file the following documents in advance of the hearing:

28

- 2 -

1. Proposed Findings of Fact and Conclusions of Law;
2. A Default Hearing Memorandum which sets forth the legal and factual basis of all claims for damages and other requested relief, including citations to appropriate authorities to support the damages and injunctive relief Plaintiff seeks from the Court; Plaintiffs' reasonable attorney's fees; and Plaintiff's costs incurred herein;
3. An appropriate affidavit for an award of reasonable attorney's fees and related non-taxable expenses in compliance with Local Rule LRCiv 54.2(d) and (e); and
4. A proposed Default Judgement specifying damages and other relief sought, the amount of reasonable attorney's fees, and authorized non-taxable expenses and costs specifically itemized therein. The injunctive relief, if any, sought by Plaintiff shall also be set forth therein.

Because the default damages hearing will be an on-the-record evidentiary hearing, Plaintiffs' counsel shall call one or more witnesses to prove Plaintiffs' damages and other relief sought in the Complaint, except that reasonable attorney's fees, non-taxable expenses, and costs shall be proven by appropriate affidavit, consistent with the Federal Rules of Civil Procedure and the Local Rules.

Accordingly,

**IT IS HEREBY ORDERED** setting a default damages evidentiary hearing for **Tuesday, October 25, 2011, at 11:00 a.m.**, before the Hon. Paul G. Rosenblatt, at the Sandra Day O'Connor U.S. Courthouse, Courtroom 601, 401 W. Washington, Phoenix, AZ. Allotted time: 1 hour. Plaintiffs' counsel shall file with the Court the default hearing documents itemized herein on or before **October 14, 2011.**

DATED this 31st day of August, 2011.

Paul G. Rosenblatt
United States District Judge

- 3 -